People v Thompson (2025 NY Slip Op 03590)

People v Thompson

2025 NY Slip Op 03590

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2023-00221
 (Ind. No. 5720/19)

[*1]The People of the State of New York, respondent,
v
Aaron Thompson, appellant.

Patricia Pazner, New York, NY (Yaniv Kot of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered December 14, 2022, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted, inter alia, for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a firearm (id. § 265.01-b[1]), and criminal possession of a weapon in the fourth degree (id. § 265.01[1]), as a result of an incident in which he was found in possession of a loaded revolver outside of his home or place of business. The defendant was convicted, upon his plea of guilty, of criminal possession of a weapon in the fourth degree.
The defendant's contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective, is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42; People v Lee, 236 AD3d 924, 924). In any event, the defendant's contention is without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Lee, 236 AD3d at 924; People v Phillips, 236 AD3d 680, 681).
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court